# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 5:07-cv-375 (HL) |
| **$15,740.00 IN UNITED STATES FUNDS,** | : | |
| Defendant Property, | : | |
| **and** | : | |
| **DOUGLAS ENZOR and SHABONQUEL DENNIS,** | : | |
| Claimants. | : | |

# **ORDER**

On October 5, 2007, Plaintiff, the United States of America, filed a Verified Complaint for Forfeiture (Doc. 1) of $15,740 in funds seized during a traffic stop involving Claimants Douglas Enzor and Shabonquel Dennis. In response to the Complaint Enzor and Dennis each filed a single document styled as an Answer and Motion to Dismiss (Docs. 11 and 13), in which they offer the following argument in support of dismissal:

> Claimant . . . moves to dismiss this Complaint as a matter of law, based on the pleadings alone, as they fail to state a cause of action. All of the alleged facts, even if fully accepted as true, are insufficient as a matter of law to sustain the Complaint under any theory of law. The Complaint should be dismissed under Rule 12 instanter with all costs cast against

Plaintiff.

(Doc. 11 at 2; Doc. 13 at 2-3.) The Government has responded to the Motions, and argues that the Complaint is sufficient to satisfy the initial pleading requirements of a civil forfeiture action.

The United States Code directs that complaints for forfeiture are to be filed in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules"). 18 U.S.C.A. § 983(a)(3)(A) (West Supp. 2008). With respect to the filing of a complaint for forfeiture, the Supplemental Rules state:

> In actions to which this rule is applicable the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.

Supp. R. E(2)(a). Rule E(2)(a) is not the only Supplemental Rule to address the required contents of a forfeiture complaint, however. In 2006, Supplemental Rule G was added to "bring together the central procedures that govern civil forfeiture actions." Supp. R. G advisory committee's note (2006). Pursuant to Rule G, the complaint in a forfeiture action in rem arising from a federal statute must, among other things, "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supp. R. G(2)(f). According to the advisory committee notes, the standard set forth at Rule G(2)(f) was intended to incorporate the standard imposed in forfeiture cases by the United States Court of Appeals for the Fourth Circuit in United States v. Mondragon, 313 F.3d 862 (4th Cir. 2002). Supp. R. G

advisory committee's note (2006).

At the trial of a forfeiture case the Government must prove by a preponderance of the evidence that the property is subject to forfeiture. 18 U.S.C.A. § 983(c)(1) (West Supp. 2008). Thus, "the complaint must at bottom allege facts sufficient to support a reasonable belief that the property is subject to forfeiture." Mondragon, 313 F.3d at 865-66. Having moved pursuant to 21 U.S.C.A. § 881(a)(6) in this case the Government must show at trial by a preponderance of the evidence that the seized money is subject to forfeiture because it was furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act or that the money was proceeds traceable to such an exchange. 21 U.S.C.A. § 881(a)(6) (West Supp. 2008). Thus, the Complaint here must allege facts sufficient to support a reasonable belief that the cash was furnished or intended to be furnished in exchange for a controlled substance or traceable to such an exchange. In viewing the Complaint at issue here under the standards of Rule E(2)(a) and Rule (G)(2)(f), and the standards set forth in Mondragon, the Court finds that it is sufficient to withstand Claimants' Motions to Dismiss.

The Complaint alleges that Claimants' vehicle was stopped after a sheriff's officer observed a traffic violation; the Claimants were in a rented vehicle; and while the car was stopped, the officer detected the odor of burnt marijuana. Additionally, after obtaining consent to search the vehicle, the officer found cash, wrapped in aluminum foil and placed inside plastic zip lock bags, and another bundle of cash in a nylon bag

3

in the trunk. The passenger said the cash was on hand to buy a truck in Atlanta, but the driver of the vehicle could not say where in Atlanta they were going to buy the truck. Also, in the process of conducting a pat down search of the passenger for weapons, the officer found two bags of a substance that appeared to be marijuana in the passenger's jeans.

In the Court's view these facts are sufficient to withstand a motion to dismiss. The Government has provided sufficient information as to the allegations of the seizure to allow Claimants to commence an investigation of the facts and to frame a responsive pleading without moving for a more definite statement. Supp. R. G(2)(a). Moreover, the allegations are sufficient to support a reasonable belief that the money is subject to forfeiture. The officer found oddly-packaged bundles of cash in a car in which a substance believed to be marijuana was also found. In addition, the driver claimed to be going to Atlanta to buy a truck with the cash, but could not say where in Atlanta she was going to buy the truck.

As the Fourth Circuit noted in Mondragon, the presence of large quantities of oddly-packaged cash, without more, does not suggest a connection to drug trafficking. Mondragon, 313 F.3d at 866. Here, however, the officer found the cash and a controlled substance in the car. In addition, the driver of the car claimed to be taking the passenger to buy a truck with the cash, but then could not tell the officer where they were going. Given these circumstances, the Complaint is sufficient to support a reasonable belief that the Government will be able to meet its burden at trial of showing

by a preponderance of evidence that the cash is subject to forfeiture because it was furnished or intended to be furnished in exchange for a controlled substance or that the money was proceeds traceable to such an exchange. Accordingly, Claimants' Motions to Dismiss are denied.

    **SO ORDERED**, this the 27th day of May, 2008.

                                              *s/ Hugh Lawson*
                                              **HUGH LAWSON, JUDGE**

mls